Dear Senator Williams,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
May a school district use any funds of the education flexiblebenefit allowance, provided to employees pursuant to 70 O.S.Supp. 2000, § 26-104[70-26-104], over and above the fifty percent thedistrict is obligated to pay of a school district employee'shealth care premium pursuant to 74 O.S. Supp. 2000, § 1310.1[74-1310.1],for the purpose of offsetting any encumbrance of the district?
¶ 1 The education flexible benefit allowance is a fixed amount credited to eligible school district employees to be used for the purchase of health care coverage and other benefits or to be taken as taxable compensation. 70 O.S. Supp. 2000, § 26-105[70-26-105](A), (B). If an employee elects health care coverage, the school district must pay fifty percent of the cost less the flexible benefit allowance. 74 O.S. Supp. 2000, § 1310.1[74-1310.1](1). School employees' benefits are governed by these statutory provisions, as well as provisions in collective bargaining agreements negotiated with the school district. 70 O.S. Supp. 2000, §509.6[70-509.6]. You ask whether the district may use any of the allowance in excess of fifty percent of the premium to offset any encumbrance of the district. School districts operate under an encumbrance system for initiating, recording and paying for all purchases, salaries, wages or contractual obligations; any encumbrance or contractual obligation of the district may not exceed the balance of the appropriation account against which it is to be charged. 70 O.S. Supp. 2000, § 5-135[70-5-135](A), (D).
 I. Education Flexible Benefit Allowance
¶ 2 Pursuant to the Education Flexible Benefits Allowance Act ("the Act"), the Legislature annually appropriates funding to the State Board of Education and the State Board of Career and Technology Education for distribution to school districts to provide a flexible benefit allowance for school district employees.[1] 70 O.S. Supp. 2000, § 26-104[70-26-104](A). The Act requires every school district to establish or make available a cafeteria plan that offers major medical health care coverage.Id. § 26-104(B). A "cafeteria plan" is an employee benefit plan in which the participants may choose among two or more benefits consisting of cash and qualified benefits. 26 U.S.C. § 125(d) (1996). "Flexible benefit allowance" is defined in the Act as "amounts credited by the school district for each school district employee for the purchase of benefits under the cafeteria plan[.]" 70 O.S. Supp. 2000, § 26-103[70-26-103](3).
¶ 3 Each eligible school district employee is "credited annually with a specified amount as a flexible benefit allowance which shall be available for the purchase of benefits." Id. § 26-105(B). For the fiscal year ending June 30, 2002, the allowance for certified personnel is $69.71 per month and for support personnel is $186.69 per month. 2001 Okla. Sess. Laws ch. 416, § 45(B) (amending 70 O.S. Supp. 2000, § 26-105[70-26-105](B)). "Certified personnel" include teachers, principals, supervisors, administrators, counselors, librarians and certified or registered nurses. 70 O.S. Supp. 2000, § 26-103[70-26-103](8). "Support personnel" include cooks, janitors, maintenance personnel, bus drivers, non-certified or non-registered nurses, non-certified librarians and clerical employees of a school district. Id. § 26-103(4).
¶ 4 "[T]he flexible benefit allowance may be used by a school district employee that is participating in the cafeteria plan to purchase major medical health care plan coverage offered by the school district through a cafeteria plan. . . ." Id. § 26-105(A). If the allowance exceeds the cost of major medical coverage, the "excess flexible benefit allowance may be used to purchase any of the additional benefits offered by the school district." Id. A school district employee who declines to participate in the cafeteria plan may receive the flexible benefit allowance as taxable compensation. Id. The school district employee must elect whether to use the allowance "to pay for coverage in the health insurance plan offered by the State and Education Employees Group Insurance Board or the self-insured plan offered by the school district, or to receive the flexible benefit allowance as taxable compensation." Id. § 26-104(C). "If a school district employee who is participating in the cafeteria plan elects benefits whose sum total is less than the flexible benefit allowance, the employee shall receive any excess flexible benefit allowance as taxable compensation." Id. § 26-105(C). The allowance may not be included as income for purposes of state retirement contributions or as part of the minimum salary schedule for teachers. Id. §§ 26-104(F), 18-114.7(A). Likewise, school districts may not consider the allowance amount as income for support employees and thereby reduce their salaries. Id. § 26-104(F).
 II. Statutory Obligation of School Districts for Payment of Employees' Premiums
¶ 5 In conjunction with the 1998 enactment of the Education Flexible Benefit Allowance Act, the Legislature amended 74 O.S.1991, § 1310.1[74-1310.1], which had required school districts to pay one-third of the premiums for employees participating in the health and dental insurance plans offered through the State and Education Employees Group Insurance Act, 74 O.S. 1991 Supp.2000, §§ 1303-1327. The amended statute reads, in part, as follows:
 If a school district employee elects health care coverage under a plan offered by a school district, then a school district shall pay fifty percent (50%) of the cost of the health care coverage of such employee. The fifty percent (50%) amount shall be reduced by the flexible benefit allowance provided for in Section 7of this act.[2]
74 O.S. Supp. 2000, § 1310.1[74-1310.1](1).
¶ 6 "When considering the construction to be given a statute, the primary consideration is to ascertain the legislative intent, and this must be determined from the language used." Stemmons,Inc. v. Universal C.I.T. Credit Corp., 301 P.2d 212, 216
(Okla. 1956). Section 1310.1(1) allows a school district to reduce its obligation to pay fifty percent of its employees' health care coverage by the amount of the flexible benefit allowance and thus frees the district from the statutory obligation to the extent that the Legislature has granted the employees a State-funded allowance to pay for the benefits. The statute is clear and unambiguous in setting forth the school districts' obligations for payment of employees' health care coverage. For example, if the health insurance premium for an employee is $180 per month, the school district must pay $90 of the premium less the flexible benefit amount of $69.71 (assuming the employee is a teacher). Therefore, the premium payment would consist of $20.29 from the school district, $69.71 from the teacher's flexible benefit allowance, and $90 from the teacher's salary. If, on the other hand, the employee in the above example is a clerical worker, the school district must pay $90 of the premium less the $189.69 flexible benefit allowance for support personnel. In that case, the premium payment would consist of $0 from the school district, $180 from the flexible benefit allowance, and the employee would receive the excess flexible benefit amount of $9.69 as taxable compensation (assuming the employee did not elect to purchase any other benefits offered under the plan). The employee may elect not to participate in the cafeteria plan and instead take the entire amount of the allowance as taxable compensation. 70 O.S. Supp. 2000, §26-105[70-26-105](A).
 III. Discussion
¶ 7 You ask whether the school district may use any of the allowance in excess of 50% of the premium to offset any encumbrance of the district. As the benefit allowance must be credited to the employee's account to "be available for the purchase of benefits" [70 O.S. Supp. 2000, § 26-105[70-26-105](B)], the district may not use an individual employee's allowance to offset any district encumbrance or expense unrelated to health care benefits. For example, the district could not use an employee's benefit allowance to purchase textbooks or supplies. However, because school district employees' health care benefits are subject to collective bargaining, provisions in a collective bargaining agreement may address the offset of the flexible benefit allowance against payments by the district in excess of 50% of the premium. 70 O.S. Supp. 2000, § 509.6[70-509.6].
¶ 8 Section 1310.1 sets out the minimum health care premium amount required to be paid by a school district on behalf of a school employee — fifty percent of the premium less the employee's flexible benefit allowance. 74 O.S. Supp. 2000, §1310.1[74-1310.1](1). If the statutes were the exclusive means of establishing a school district's obligation for payment of benefits, the answer to your question would be an unqualified "no" because the district would never be obligated for more than fifty percent of the premium less the allowance. However, a school district has the option of paying more than the statutory minimum for employees' health care coverage if it so chooses by virtue of its power to "[c]ontract with and fix the duties and compensation" of district employees. 70 O.S. Supp. 2000, §5-117[70-5-117](A)(14). Through collective bargaining district employees may negotiate with a school board the wages, hours, fringe benefits and other terms and conditions of their employment. 70O.S. Supp. 2000, § 509.6[70-509.6]. Where a statute mandates a minimum level of rights or benefits for public employees but does not bar the public employer from choosing to afford them greater protection, the parties may negotiate a contractual provision affording employees rights or benefits in excess of that required by statute. Oliver v. City of Tulsa, 654 P.2d 607 (Okla. 1982) (holding that a Tulsa city charter provision fixing longevity pay for uniformed city employees did not preclude collective bargaining for longevity pay in excess of the amount specified in the charter).
¶ 9 Section 1310.1 does not address payments by school districts of more than the statutory minimum premium payment made pursuant to a negotiated compensation package or the reduction of those incremental payments by the flexible benefit amount. The treatment of the flexible benefit allowance in relation to amounts paid for health care coverage by the school district pursuant to a collective bargaining agreement is a contractual matter between the school district and the employees. The resolution would depend on the facts specific to the agreement and thus is beyond the scope of an Attorney General Opinion. 74O.S. Supp. 2000, § 18b[74-18b](A)(5).
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
The education flexible benefit allowance credited to a schooldistrict employee's account is to be used exclusively for thepurchase of employee benefits or paid as taxable compensation andmay not be otherwise used by the school district to offset anencumbrance of the district. The school district may reduce thefifty percent amount it is obligated to pay of the employee'shealth care coverage by the amount of the allowance pursuant to74 O.S. Supp. 2000, § 1310.1[74-1310.1]. This Opinion does not addressthe effect of the flexible benefit allowance on provisions in acollective bargaining agreement pertaining to the district'spayment of health care coverage costs in excess of fifty percentof the premium. The resolution of that question would require ananalysis of facts surrounding the agreement which is beyond thescope of an Attorney General Opinion. 74 O.S. Supp. 2000, §18b(A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA KATHRYN BASS ASSISTANT ATTORNEY GENERAL
[1] For the current fiscal year, the Legislature appropriated to the State Board of Education $7,060,896.00 or so much thereof as may be necessary for the Certified Employee Health Benefit Allowance and $7,168,622.00 or so much thereof as may be necessary for the Support Personnel Health Benefit Allowance. 2001 Okla. Sess. Laws ch. 416, §§ 7, 8.
[2] 70 O.S. Supp. 2000, § 26-105[70-26-105].